UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL MARIN GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>JAVAD JAMSHIDI, et al.,<br><br>Defendants. | No.  2:15-cv-1825 TLN GGH PS<br><br>ORDER AND FINDINGS AND <u>RECOMMENDATIONS</u> |

  Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

  Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1).  Accordingly, the request to proceed in forma pauperis will be granted.

  The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

  A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th

1

1  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
2  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
3  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
4  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
5  Cir. 1989); Franklin, 745 F.2d at 1227.

6      A complaint must contain more than a "formulaic recitation of the elements of a cause of
7  action;" it must contain factual allegations sufficient to "raise a right to relief above the
8  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
9  "The pleading must contain something more...than...a statement of facts that merely creates a
10  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal
11  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient
12  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft
13  v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127
14  S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows
15  the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
16  Id.

17      Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21, 92
18  S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).
19  Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff
20  proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal.
21  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

22      The complaint alleges that plaintiff visited defendant Dr. Jamshidi's office, Stockton MRI
23  and Molecular Imaging Medical Center on July 19, 2011 for purposes of obtaining an MRI of his
24  right shoulder.  He claims defendants lied about the results of the MRI by omitting injuries to his
25  shoulder, which damaged his workers' compensation claim.  Plaintiff claims that in fact this MRI
26  reflects two tears in his shoulder, as confirmed by a different physician.  Plaintiff asked
27  defendants to correct the MRI findings but they failed to do so.  Plaintiff seeks damages for state
28  law violations, including medical malpractice, [unidentified] code § 1871.4(a)(4), and Cal. Lab.

1   Code §§ 132. 4600, 4650, and 5401.  The complaint also alleges that defendants are guilty of a
2   "major felony" under [unidentified] code § 5432.

3   First, the court is unable to determine a jurisdictional basis for this action.  A federal court
4   is a court of limited jurisdiction, and may adjudicate only those cases authorized by the
5   Constitution and by Congress.  See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114
6   S. Ct. 1673, 1675 (1994).  U.S. Const. Art. III, § 1 provides that the judicial power of the United
7   States is vested in the Supreme Court, "and in such inferior Courts as the Congress may from
8   time to time ordain and establish."  Congress therefore confers jurisdiction upon federal district
9   courts, as limited by U.S. Const. Art. III, § 2.  See Ankenbrandt v. Richards, 504 U.S. 689, 697-
10  99, 112 S. Ct. 2206, 2212 (1992).  Lack of subject matter jurisdiction may be raised at any time
11  by either party or by the court.  See Attorneys Trust v. Videotape Computer Products, Inc., 93
12  F.3d 593, 594-95 (9th Cir. 1996).

13  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal
14  question" and "diversity" jurisdiction, respectively.  Statutes which regulate specific subject
15  matter may also confer federal jurisdiction.  See generally, W.W. Schwarzer, A.W. Tashima & J.
16  Wagstaffe, Federal Civil Procedure Before Trial § 2:5.  Unless a complaint presents a plausible
17  assertion of a substantial federal right, a federal court does not have jurisdiction.  See Bell v.
18  Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945).  A federal claim which is so insubstantial as
19  to be patently without merit cannot serve as the basis for federal jurisdiction.  See Hagans v.
20  Lavine, 415 U.S. 528, 537-38, 94 S. Ct. 1372, 1379-80 (1974).

21  For diversity jurisdiction pursuant to 28 U.S.C. § 1332, each plaintiff's state citizenship
22  must be diverse from each defendant, and the amount in controversy must exceed $75,000.  For
23  federal question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must either (1) arise
24  under a federal law or the United States Constitution, (2) allege a "case or controversy" within the
25  meaning of Article III, section 2, or (3) be authorized by a jurisdiction statute.  Baker v. Carr, 369
26  U.S. 186, 198, 82 S. Ct. 691, 699-700, 7 L. Ed. 2d 663 (1962).

27  Diversity jurisdiction appears to be lacking as both plaintiff and defendants appear to be
28  citizens of California.  Moreover, the complaint fails to allege a violation of a federal statute or

the constitution.  All of plaintiff's claims arise under state law only.  Claims of medical malpractice and state labor code violations, such as those stated here, do not create federal subject matter jurisdiction.  Plaintiff may be best advised to pursue his action in state court.

Second, plaintiff has no standing to pursue alleged violations of state criminal law.  Criminal statutes do not provide a private right of action.  See, e.g., Ellis v. City of San Diego, 176 F.3d 1183, 1189 (9th Cir.1999) (district court properly dismissed claims brought under the California Penal Code because the statutes do not create enforceable individual rights).  Criminal statutes do no give rise to civil liability.  Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006).  Similarly, when a criminal statute is violated, the question of whether to prosecute and what criminal charges to file are decisions that generally rest in the discretion of the prosecutor, not the court.  United States v. Batchelder, 442 U.S. 114, 124 (1979).  Accordingly, insofar as plaintiff alleges criminal conduct by defendants, he cannot sue to prosecute these criminal acts, or compel the state or federal government to investigate or prosecute these alleged crimes.  Therefore, plaintiff may not pursue such claims under these state criminal statutes.

Although the court would ordinarily grant a pro se plaintiff leave to amend, it does not appear that the above-mentioned defects can be cured by more detailed factual allegations or revision of plaintiff's claims.  This court simply has no jurisdiction for state law claims or for civil prosecution of criminal violations by private citizens under the facts of this case.  Accordingly, leave to amend would be futile and the action should be dismissed with prejudice.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

IT IS ALSO HEREBY RECOMMENDED that:

1. The action be dismissed without prejudice, and

2. The case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 6, 2015

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Gonzalez1825.fr